**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **MARTHA MEYERS** | **CASE NO.  2:22-CV-03510** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss for Failure to Prosecute" (Doc. 39) filed by Defendant, State farm Fire and Casualty Company ("State Farm") who moves for dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. Plaintiff has failed to file an opposition to the Motion to Dismiss and the deadline for doing so has lapsed.

## BACKGROUND

This litigation arises out of Hurricanes Laura and Delta in August and October 2020. Plaintiff Martha Meyers claims her residential mobile home in Sulphur, Louisiana, and contents thereof were damaged as a result of the storms. Plaintiff filed a claim with State Farm under her manufactured home insurance policy. State Farm inspected the mobile home and paid plaintiff $6,998.60 for damage to the structure.[1]

Plaintiff filed the instant lawsuit against State Farm for alleged underpaid amounts owed under the policy.

---

[1] Defendant's exhibit 1.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure of the Plaintiff to prosecute or to comply with any order of court. Rule 41 (b) provides:

> If the Plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

The power to dismiss a claim under Rule 41 (b) is based on the "courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases." *Link v. Wabash R.R. co.,* 370 U.S. 626, 630-31 (1962).

## LAW AND ANALYSIS

In its Motion to Dismiss, State Farm informs the Court that Plaintiff has not participated in this litigation in any substantive way. Specifically, Plaintiff has not made any settlement offers to State Farm or participated in the previously-scheduled mediation. She has not produced the disclosures mandated by the Court's CMO. As such, State Farm maintains that Plaintiff's claim should be dismissed for failure to prosecute. The Court Agrees and will dismiss Plaintiff's lawsuit for failure to prosecute.

## CONCLUSION

Based on Plaintiff's failure to prosecute this matter, buttressed by the fact that she failed to oppose State Farm's Motion to Dismiss, the Court will grant State Farm's Motion and dismiss Plaintiff's claims with prejudice.

**THUS DONE AND SIGNED** in chambers on this 22nd day of July, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**